NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-984

N.M.

vs.

R.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a hearing before a District Court judge on May 20, 2022, the plaintiff obtained an ex parte abuse prevention order pursuant to G. L. c. 209A against the defendant, a former boyfriend. After a second hearing by a different judge, the order was extended for one year. The defendant appeals, claiming that the evidence was insufficient to support a finding of abuse and that the parties' relationship, which had ended ten years prior to the issuance of the order, did not qualify as a "substantive dating relationship" as required by G. L. c. 209A, § 1. Because the judge failed to consider one of the statutory criteria for determining whether a substantial dating relationship existed, we are constrained to vacate the order and remand the case.

Background.  According to the record before us, the plaintiff and the defendant were in a dating relationship between 2007 and 2009.  The plaintiff alleged that the relationship was abusive and outlined several instances of abuse, including sexual assault, in her affidavit in support of the ex parte order.  At the two-party hearing, she testified that, on different occasions, the defendant dragged her down three flights of stairs, sexually abused her, emotionally abused her, and threatened her.  Specifically, she testified that, when the relationship ended, he threatened to come find her, yank the necklace that he gave her off of her neck, and choke her with it.

The most recent contact between the parties occurred in January of 2020, when the defendant contacted the plaintiff twice, once via text and once on Facebook asking if they could talk.  The plaintiff testified that she believed this contact was prompted by her filing a notarized witness statement against the defendant one month earlier in connection with his divorce proceedings.  As previously noted, about two years later, on May 20, 2022, the plaintiff sought a 209A order after she reported to the police that during the course of her relationship with the defendant, he had told her that he molested his siblings and cousins.  The plaintiff testified that she was concerned that the defendant would find out about the police report and contact

2

her again, as he had two years prior when she provided the notarized statement in the defendant's divorce proceedings.  She further testified that she was afraid of the defendant based on the abuse she had suffered during the course of their relationship.

Discussion.  On appeal, the defendant argues that the plaintiff did not qualify for a 209A order because the "substantive dating relationship" ended more than ten years before the plaintiff sought the order and the plaintiff did not allege any current or recent abuse by the defendant.  The defendant further argues that the judge committed an error of law by not considering all of the statutory factors in determining whether a substantive dating relationship existed, and that more specifically, the significant passage of time between the end of the relationship and the plaintiff's application for the order militated against finding that she qualified for a 209A order.  The defendant also argues that the plaintiff did not demonstrate a reasonable fear of imminent physical harm based on the abuse she experienced between 2007 and 2009, even when taken in conjunction with the more recent contact in the form of text and Facebook messages in January of 2020.

"General Laws c. 209A, § 1, directs courts to adjudge the existence of substantive dating relationships by considering

3

four factors:  '(1) the length of time of the relationship; (2) the type of relationship; (3) the frequency of interaction between the parties; and (4) if the relationship has been terminated by either person, the length of time elapsed since the termination of the relationship.'"  E.C.O. v. Compton, 464 Mass. 558, 564 (2013).  Here, in concluding that an abuse prevention order should issue, the judge properly considered the first three factors, but appeared to not consider the fourth. At the conclusion of the hearing, defendant's counsel argued that the parties were not in a substantive dating relationship because "the length of time elapsed since the termination of the relationship is well beyond."  In response, the judge stated: "Well, that's not relevant to whether she's a qualified person. The length of time is a different argument."

The plaintiff acknowledges that the judge erred by not considering the passage of time between the end of the relationship and her application for an abuse prevention order but asserts that the error was harmless.  She argues that the term "substantive dating relationship" should be construed broadly to achieve the purposes of G. L. c. 209A, and that the egregious nature of the abuse she suffered during the course of the relationship (including sexual abuse), when viewed in connection with the defendant's attempts to contact her following the end of the relationship, undermined the

4

defendant's argument that the passage of time disqualified her from obtaining a 209A order. This, she suggests, is particularly true where the defendant's last contact with the plaintiff seemed to have been precipitated by her filing a statement in connection with legal proceedings, and the application for the 209A order also immediately followed the plaintiff reporting information to the police that she learned during the course of her relationship with the defendant.

Although the plaintiff has articulated a compelling argument, under the circumstances presented, we conclude that the judge's failure to adequately consider one of the four statutory criteria -- "the length of time elapsed since the termination of the relationship," G. L. c. 209A, § 1 (e) -- requires us to vacate the order and remand for a factual finding on that issue. In reaching our conclusion, we note that we are not persuaded by the defendant's arguments that the judge abused his discretion in determining that the plaintiff met her burden to establish that she has a reasonable fear of imminent physical harm based on instances of prior abuse. "To the contrary, prior abuse may 'serve as the necessary backdrop for reaching a proper understanding of more recent words and behavior as well as for assessing the reasonableness of an applicant's fear of imminent serious physical harm.'" Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 555 (2023), quoting Vittone v. Clairmont, 64 Mass. App.

5

Ct. 479, 487 (2005).  Cf. Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014) (judge must appraise "the impact of the violence already inflicted" where extension predicated on attempted or actual physical abuse or involuntary sexual relations).  We are likewise satisfied that the judge acted within his discretion in extending the order on the alternative basis that the plaintiff demonstrated her ongoing need for "protect[ion] . . . from the impact of [the defendant's past physical and sexual] abuse," Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 319 (2020), quoting Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186-187 (2020), independent of any fear of imminent physical harm.

The order dated May 31, 2022, extending the abuse prevention order is vacated, and the case is remand for further proceedings consistent with this decision.[1]

So ordered.

By the Court (Vuono, Hand & Hodgens, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  May 23, 2023.

---

[1] Both parties filed motions for appellate attorney's fees.  Both motions are denied.
[2] The panelists are listed in order of seniority.

6